W. A. NICHOLS v. A. J. MAXWELL, COMMISSIONER OF REVENUE OF
NORTH CAROLINA.

(Filed 8 January, 1932.)

**Taxation B c—Plaintiff in this case held not required to give proof of
ability to pay damages before obtaining license for car for hire.**

A person engaged in the operation of an automobile for the transporta-
tion of persons for hire within the State comes within general provisions
of chapter 116, Public Laws of 1931, and he may not be required to offer
evidence of ability to respond in damages for future accidents before
granting him a license when he has tendered the correct fee therefor,
and has never had a judgment docketed against him for negligence in
the operation of such motor vehicle, and the provisions of the last para-
graph of section three of the act, requiring proof of ability to respond in
damages before the issuance of a license to owners of passenger vehicles
operated for hire who are not embraced in the provision of the "present
law," are not applicable to him, he being embraced in the provisions of
the "present law" as set forth in section one of the act.

APPEAL by plaintiff from *Harris, J.,* at Chambers in Raleigh, on 12
September, 1931. Reversed.

This is an action for judgment, in the nature of a mandamus, order-
ing and directing the defendant, Commissioner of Revenue of North
Carolina, to issue to plaintiff, a citizen of this State, a license to operate
on the highways of this State an automobile for the transportation of
passengers for hire.

Plaintiff has tendered to defendant the fees prescribed by statute
for such license, and has otherwise complied, as he alleges, with all
the lawful requirements of the defendant. He has been engaged in the
business of operating an automobile for the transportation of passengers
for hire in this State for more than nine years. No judgment has ever
been rendered against the plaintiff for the recovery of damages resulting
from injuries to the person or property of another caused by the negli-
gence of the plaintiff in the operation of an automobile on the highways
of this State.

It is the duty of the defendant, Commissioner of Revenue, to collect
from each applicant for license to operate an automobile on the high-
ways of this State the fees prescribed by statute, and upon compliance
by such applicant with all lawful requirements of the defendant to
issue to such applicant the license applied for by him. Such require-
ments are prescribed or authorized by statute.

The defendant has refused to issue to the plaintiff the license applied
for by him, for the sole reason that plaintiff has failed and refused to
furnish to defendant as proof of his ability to respond in damages result-

ing from injuries to the person or property of another that may be caused by his negligence in the operation of his automobile on the highways of this State, a bond or insurance policy in accordance with the provisions of chapter 116, Public Laws 1931, as construed by the defendant in the performance of his official duties. In accordance with his construction of certain provisions of the statute, the defendant has required of the plaintiff, and of all other applicants for license to operate on the highways of this State automobiles for the transportation of passengers for hire, a bond or insurance policy, conditioned as required by said statute. This requirement was made by defendant pursuant to his construction of the last paragraph of section 3, chapter 116, Public Laws 1931.

The action was heard after notice to defendant to show cause why judgment should not be rendered in this action as prayed for by plaintiff. On the facts found by the court from the verified pleadings, it was considered, ordered and adjudged that plaintiff is not entitled to the relief prayed for in his complaint, and that the action be dismissed.

From judgment dismissing the action, plaintiff appealed to the Supreme Court.

*R. L. McMillan, J. S. Griffin, W. T. Hatch and George Pennell for plaintiff.*
*Attorney-General Brummitt and Assistant Attorney-General Seawell for defendant.*
*John W. Hester, amicus curiæ.*

CONNOR, J. Chapter 116, Public Laws 1931, is entitled, "An act to promote safe driving on the highways, and to enforce the collection of judgments against irresponsible drivers of motor vehicles." The statute includes within its provisions every person, firm or corporation against whom a judgment has been recovered for damages for injuries to the person or property of another, resulting from the negligence of such person, firm or corporation, in the use or operation of a motor vehicle on the highways of this State, and who has failed to satisfy such judgment within thirty days after same was rendered by the trial court, or affirmed on appeal by a Court of final jurisdiction. It provides that upon the failure of such person, firm or corporation to so satisfy said judgment, the license of the operator of the motor vehicle, and all the registration certificates of its owner, shall be suspended by the Commissioner of Revenue, and that neither the license nor the registration certificates shall be renewed until the judgment has been satisfied, or until the person, firm or corporation against whom the judgment

was recovered shall first give proof to the Commissioner of Revenue of ability to respond in damages for future accidents, which may be caused by the negligence of such person, firm or corporation. It provides that proof of such ability may be established by the filing with the Commissioner of Revenue of a bond or insurance policy executed in accordance with the provisions of the statute.

There are no provisions of the statute which are applicable to the plaintiff, as the owner and operator of an automobile, against whom no judgment has been recovered for damages resulting from his ownership or operation of an automobile on the highways of this State, unless plaintiff is included within the provisions of the last paragraph of section 3 of the statute. This paragraph is as follows:

"The Commissioner of Revenue shall require proof of ability to respond in damages, within the limits herein specified, from and after the effective date of this bill, of all taxi-cab, jitney and for-hire operators not covered or embraced within the provisions of the present law or such laws as may be enacted at this session of the General Assembly affecting other motor vehicle operators transporting passengers or property upon the highways for compensation."

It is manifest, we think, that the foregoing paragraph was not included in the bill, which was enacted as chapter 116, Public Laws 1931, as the same was originally drawn. The internal evidence shows that the paragraph was an amendment to the bill, and was offered and adopted after the bill was introduced, and while it was on its passage by the General Assembly. It was evidently prepared without careful consideration of its language. Hence the difficulty presented to the Commissioner of Revenue and to the courts, when called upon to construe the language of the paragraph in order to ascertain the legislative intent.

We are of the opinion that the plaintiff is not included within the provisions of the paragraph, and that they are not, therefore, applicable to him or to others who shall apply to the Commissioner of Revenue for license to operate automobiles on the highways of this State, for the transportation of passengers for hire, with respect to whom the facts are identical. Plaintiff is embraced within the provisions of section 1 of the act. It cannot be held that he is not covered or embraced within the provisions of the "present law," which we construe to mean chapter 116, Public Laws 1931. No other statute was enacted by the General Assembly at its session in 1931, affecting operators of motor vehicles used for the transportation of passengers or property for hire on the highways of this State.

Upon his payment of the fees prescribed by statute for the license applied for by the plaintiff, and upon his compliance with other lawful requirements of the defendant, plaintiff is entitled to his license. There was error in the opinion of the trial judge that it was the duty of defendant to require as a condition precedent for the issuance of the license proof of plaintiff's ability to respond in damages for injuries to the person or property of another, caused by his negligence. The judgment is

Reversed.